# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JON BIBB,

      Plaintiff,

v.

CITY OF TAYLOR and OFFICER TYLER PEAKE, CORPORAL PHILLIP COLLOP, OFFICER NICK SELLITTI, CORPORAL NATHAN KUZMA, in their individual capacities,

      Defendants.

Hon.

Case No. 20-cv-11902

---

KIRSTINA R. MAGYARI (P82775)
JONATHAN R. MARKO (P72450)
MARKO LAW, PLLC
**Attorneys for Plaintiff**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
Phone: (313) 777-7529
Fax: (313) 771-5785
kirstie@markolaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

1

## **PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff, Jon Bibb, by and through his attorneys, MARKO LAW, PLLC, and for his Complaint against the above-named Defendants, states as follows:

### **JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over the federal claims raised this action pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff seeks damages and declaratory relief to enforce federal rights under 42 U.S.C. § 1983. Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. §§ 1988 and 12205.

3. This Court has jurisdiction to issue declarator, and other relief under 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in the Eastern District of Michigan, Southern Division pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in the City of Taylor, County of Wayne, State of Michigan.

### **PARTIES**

5. Plaintiff Jon Bibb is 30-year-old man and a resident of the County of Wayne, State of Michigan.

6. Defendant City of Taylor is a local public entity organized under the laws of the State of Michigan which operates, manages, and controls the City of Taylor Police Department.

7. Defendant Officer Tyler Peake, sued in his individual capacity, is a police officer employed by the Taylor Police Department and, by all information and belief, resides in the County of Wayne, State of Michigan.

8. Defendant Corporal Phillip Collop, sued in his individual capacity, is a police officer employed by the Taylor Police Department and, by all information and belief, resides in the County of Wayne, State of Michigan.

9. Defendant Officer Nick Sellitti, sued in his individual capacity, is a police officer employed by the Taylor Police Department and, by all information and belief, resides in the County of Macomb, State of Michigan.

10. Defendant Corporal Nathan Kuzma, sued in his individual capacity, is a police officer employed by the Taylor Police Department and, by all information and belief, resides in the County of Wayne, State of Michigan.

## **FACTS**

11. On or about February 27, 2020, Plaintiff was a passenger in a motor vehicle that was pulled over by the Taylor Police Department for having improper license plates.

3

12. Plaintiff was told to step out of the vehicle by the Taylor Police Department, who stated that he could not leave the scene and was being detained for allegedly not wearing a seatbelt.

13. Plaintiff exited the vehicle upon command Officer Selletti and Officer Tapeaket knocked Plaintiff to the ground, kicking his legs out from under him.

14. While Plaintiff was on the ground, Officers Tapeaket, Peake, Selitti, and Corporal Kuzma began kicking and striking Plaintiff, using "closed hand stuns," and forceful knee strikes.

15. Corporal Collop administered several knee strikes, including to Plaintiff's face.

16. As a result of this incident, Plaintiff experienced significant physical, emotional suffering, psychological injury, and trauma during and following the February 27, 2020, incident. He continues to experience fear, distrust, and anxiety regarding law enforcement officers.

## CLAIMS FOR RELIEF

### COUNT I – CONSTITUTIONAL CLAIMS
### EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION & 42 U.S.C. § 1983
*(Against Defendants Peake, Collop, Sellitti, and Kuzma)*

17. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

18. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging excessive force in violation of the Fourth and Fourteenth Amendments.

19. The Fourth Amendment of the U.S. Constitution protected Plaintiff from excessive force. The Fourteenth Amendment of the U.S. Constitution extends the Fourth Amendment's protections to the states.

20. Defendants are "persons," as defined under 42 U.S.C. § 1983, and as agents of the City of Taylor and the Taylor Police Department, were acting under the color of state law at all times relevant to this action.

21. By engaging in the above described acts, Defendants, acting under color of law and with deliberate indifference, violated Plaintiff's right under the Fourth Amendment to the U.S. Constitution to be free from excessive force.

22. Plaintiff's right to be free from excessive force as described herein was clearly established at the time Defendants took him into custody.

23. Defendants acted intentionally, maliciously, and in reckless disregard of Plaintiff's rights.

24. As a proximate result of Defendants' actions and inactions, Plaintiff suffered and continues to suffer emotional suffering, psychological injury, and trauma. Plaintiff continues to experience fear, distrust, and anxiety regarding law enforcement officers.

25. Plaintiff is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT II – *MONELL* LIABILITY IN VIOLATION OF 42 U.S.C. §1983
*(Against the City of Taylor)*

26. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

27. Plaintiff has been subjected to a deprivation of his constitutionally protected rights and privileges secured by the United States Constitution as set forth herein.

28. The foregoing rights were clearly established at the time of the violations.

29. The deprivations were caused by the series of deliberately indifferent policies, customs, and established practices, including inadequate training, by the City of Taylor, acting under the color of its statutory and legal authority, including but not limited to:

    a. Implementing a policy and practice of imposing unnecessary and excessive force;

    b. Improperly training, authorizing, encouraging or directing officers on proper use of force.

    c. Failing to investigate allegations of excessive force.

    d. Failing to discipline officers for violations of policy related to

excessive force.

30. These customs, policies, and practices of the City of Taylor Police Department, along with improper training, monitoring, instruction, direction, discipline, and supervision, were a moving force in the constitutional violations inflicted by the individual Defendants upon the Plaintiff.

31. This improper training, monitoring, instruction, direction, discipline, and supervision proximately caused the deprivation of Plaintiffs' constitutional rights.

32. Plaintiff's federal constitutional claims are cognizable under 42 U.S.C. §1983.

33. As a direct and proximate result of the unconstitutional acts of the Defendants as alleged herein, Plaintiff has sustained a violation of his rights under the law and, as a result, is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## **DEMAND FOR RELIEF**

Plaintiff requests that this Court:

    a. Assert jurisdiction over this matter;

    b. Enter judgment in favor of Plaintiff and against Defendants;

    c. Award Plaintiff compensatory and punitive damages;

d. Award costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and 12205; and

e. Grant other appropriate relief.

Respectfully submitted,

*/s/ Kirstina R. Magyari*
Kirstina R. Magyari (P82775)
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
Phone: 313-777-7529
Fax:    313-777-5785
Email: kirstie@markolaw.com

Dated: July 14, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JON BIBB,

    Plaintiff,

v.

CITY OF TAYLOR, OFFICER TYLER PEAKE, CORPORAL PHILLIP COLLOP, OFFICER NICK SELLITTI, CORPORAL NATHAN KUZMA,

    Defendants.

Hon.

Case No.

---

KIRSTINA R. MAGYARI (P82775)
JONATHAN R. MARKO (P72450)
MARKO LAW, PLLC
**Attorney for Plaintiff**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
Phone: (313) 777-7529
Fax: (313) 771-5785
kirstie@markolaw.com

---

## JURY DEMAND

Plaintiff, Jon Bibb, by and through his attorneys, Marko Law PLLC, hereby demands a jury trial in this cause.

    Respectfully submitted,

    */s/ Kirstina R. Magyari*
    Kirstina R. Magyari (P82775)
    Jonathan R. Marko (P72450)
    **MARKO LAW, PLLC**
    1300 Broadway Street, Fifth Floor

1

Detroit, MI 48226  
Phone: 313-777-7529  
Fax:    313-777-5785  
Email: kirstie@markolaw.com

Dated: July 14, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2020, I presented the foregoing paper to this Court's ECF System which will send notification of such filing to the above listed attorneys of record.

*/s/ Heather J. Ducharme*  
Heather J. Ducharme

2